UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUZANNE BROCK,

    Plaintiff,

v.                                                                                  Case No.:  2:22-cv-368-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff Suzanne Brock sues under 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the Commissioner of Social Security's decision denying her application for disability insurance benefits. (Doc. 1.)[1] For the reasons below, the Commission's decision is affirmed.

## **I. Background**

The procedural history, administrative record, and law are summarized in the parties' briefs (Doc. 19, Doc. 22) and is not fully repeated here. In short, Brock filed for disability insurance benefits claiming she could not work because of atrial fibrillation, depression, and temporomandibular joint

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

dysfunction. (Tr. 17, 207.) After her application was denied, Brock sought review by an administrative law judge ("ALJ"). (Tr. 11.)

Following a hearing, the ALJ agreed that Brock was not disabled. (Tr. 12, 20.) To make this determination, the ALJ used the multi-step evaluation process established by the Commissioner. *See* 20 C.F.R. § 404.1520(a).[2] The ALJ found that although several of Brock's impairments qualified as severe, she retained the residual functional capacity ("RFC") to perform less than the full range of light work with restrictions:

> [She can] occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds. She can sit for six hours total in an eight-hour workday and stand and/or walk for six hours total in an eight-hour workday. Further, the claimant can occasionally climb stairs and ramps. She can never climb ladders or scaffolds. Additionally, the claimant can occasionally balance, stoop, kneel, crouch, and crawl. Finally, she must avoid all moving mechanical parts and unprotected heights.

(Tr. 16.) After considering the RFC and other evidence, including vocational expert testimony, the ALJ ultimately concluded that Brock could perform her

---

[2] An individual claiming Social Security disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

past relevant work as a real estate agent, audit clerk, and real estate clerk. (Tr. 22.) Thus, Brock was not disabled as that term is defined in this context. (Tr. 22.)

Brock further exhausted her administrative remedies, and this lawsuit timely followed. (Doc. 19 at 2.)

## II. Standard of Review

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh the evidence or

3

substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Analysis

Brock argues the ALJ's conclusion was wrong in three ways. First, she claims the ALJ wrongly "failed to include mental limitations in the residual functional capacity ('RFC') assessment." (Doc. 19 at 1.) Next, she says substantial evidence does not support the ALJ's decision because he ignored the combined effects of stress and atrial fibrillation on her RFC. (*Id.*) And finally, according to Brock, the ALJ erred by concluding she could perform past relevant work. (*Id.*) The Court addresses each issue in turn.

**A. Mental Limitations**

In step four of the analytical process, the ALJ assesses a claimant's RFC and ability to do past relevant work. *See* 20 C.F.R. § 404.1520(a)(4)(iv). The RFC, defined as the most the claimant can still do despite her limitations, is based on an evaluation of all the relevant evidence in the record. *See id.*

4

§§ 404.1520(e), 404.1545(a)(1) and (a)(3); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Put simply, the ALJ is "required to consider all impairments, regardless of severity, in conjunction with one another" when building the RFC. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014). Thus, when an ALJ finds mild mental limitations in step 2 of the sequential process, he must have a "real discussion of how the mental condition affected [the claimant's] RFC." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1269 (11th Cir. 2019). "If an ALJ fails to address the degree of impairment caused by the combination of physical and mental medical problems, the decision that the claimant is not disabled cannot be upheld." *Id.*

Here, the ALJ properly considered Brock's mild mental limitations found in step 2 (Tr. 14-15). First, the ALJ noted that the RFC reflected his impression of Brock's mental limitations from step 2. (Tr. 15.) Then, the ALJ stated he accounted for "all symptoms" when building the RFC, including Brock's reported depression. (Tr. 16-17.) Finally, the ALJ took care to discuss the opinions of State agency psychological consultants Brian McIntyre, Ph.D. and Kathryn Bell, Ph.D. (Tr. 20.) These doctors found Brock to have mild limitations and mostly normal mental status examinations. (Tr. 20, 65-66, 85.) Dr. McIntyre even opined Brock had no work-related limitations. (Tr. 66 ("[Claimant] appears able to complete tasks related to employment without disruption from mental health symptoms.").) Ultimately, the ALJ found these

5

opinions to be persuasive in evaluating Brock's mental limitations, along with Brock's "numerous" activities of daily living. (Tr. 20-21.) Thus, the ALJ had a "real discussion" of Brock's mental functioning as required under *Schink* and its progeny. Further, given the record outlined above, substantial evidence supports the ALJ's decision not to incorporate mental limitations in the RFC.

### B. Combined Effects of Stress and Atrial Fibrillation

"The ALJ must make specific and well-articulated findings as to the effect of the combination of all of the claimant's impairments. However, a clear statement that the ALJ considered the combination of impairments constitutes an adequate expression of such findings." *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902-03 (11th Cir. 2011). For example, the Eleventh Circuit has said "it is clear the ALJ considered the combination issue" with the following statement:

> [B]ased upon a thorough consideration of all evidence, the ALJ concludes that appellant is not suffering from any impairment, *or a combination of impairments* of sufficient severity to prevent him from engaging in any substantial gainful activity for a period of at least twelve continuous months.

*Jones v. Dep't of Health & Hum. Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991).

Brock claims "[t]he ALJ's failure to consider impairments in combination requires a remand." (Doc. 19 at 11.) But the ALJ explicitly stated he considered the impairments in combination. (Tr. 15 ("However, the undersigned finds that

6

the medical evidence does not support a finding that these impairments meet or, individually or in combination, medically equal the criteria of such listings or any other listed physical impairment."); *see also* Tr. 21 ("Based on the entire record, including the testimony of the claimant, the undersigned concludes that the evidence fails to support the claimant's assertions of total disability.").) As explained above, these statements are enough.

In response, Brock asserts that such a "boilerplate" disclaimer is not enough to show proper consideration "if the ALJ's decision demonstrates that he did not." (Doc. 23 at 5-6 (citing *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1059-60, 1064 (11th Cir. 2021).) But here too, Brock's argument fails. She claims that although "the ALJ considered atrial fibrillation and mental impairments individually, the ALJ failed to assess how stress, to which the Plaintiff is already susceptible, interacts with the Plaintiff's atrial fibrillation." (Doc. 19 at 11.) Yet the ALJ recognized that Brock's atrial fibrillation was "usually brought on by stress." (Tr. 18.) And he then determined that atrial fibrillation was not enough to find her totally disabled. (Tr. 21.) Thus, by evaluating atrial fibrillation, the ALJ necessarily considered stress as its cause or, in other words, he considered the impairments in combination.

Finally, the ALJ noted the effects of stress on Brock's mental health: "the claimant stated in a function report that she does not handle stress or changes

7

in routine well." (Tr. 15.) But he then contrasted this with her relatively high level of functioning:

> she also noted that she finishes what she starts, has never been fired or laid off from a job due to problems getting along with others, follows written and spoken instructions fairly well, and gets along fairly well with authority figures. Additionally, the claimant had a normal mood, a normal affect, intact insight, normal speech, intact judgment, and intact associations on several mental status examinations during the relevant time frame.

(Tr. 15.) Although the ALJ made these comments at step 2 of the sequential process, he stated his reasoning was also used to build the RFC in step 4. (Tr. 15.) Here too, he pointed out the same contradiction: "the claimant has described daily activities that are inconsistent with her allegations of disabling symptoms and limitations." (Tr. 17.) Ultimately, the ALJ found Brock was not as limited by her subjective impairments as she alleged. (Tr. 17-18, 21.) These findings are supported by substantial evidence, and thus he did not err in this portion of his analysis.

### C. Past Relevant Work

Last, Brock claims the ALJ did not properly evaluate her past work when he found she could perform the jobs of real estate agent, audit clerk, real estate clerk, and the composite job of a real estate agent/property manager. (Doc. 19 at 14-15.) These findings were based largely on the testimony of a vocational expert ("VE"), who considered Brock's limitations under the RFC stated above. (Tr. 22.)

8

*1. Real Estate Agent*

Brock claims the real estate agent job required her to climb, contrary to the RFC. She also asserts the VE misclassified her work as a real estate agent when it was more properly described as a real estate broker. This is significant, she argues, because a real estate broker shows property which requires occasional climbing according to the Dictionary of Occupational Titles ("DOT"). (Doc. 19 at 16.)

There are several issues with this line of argument. First, Brock did not challenge the VE's alleged misclassification of her past work as a real estate agent. This effectively waived her argument. *See Vickery v. Comm'r of Soc. Sec.*, No. 5:21-CV-122-PRL, 2022 WL 16555990, at *3 (M.D. Fla. Sept. 23, 2022); *see also New v. Comm'r of Soc. Sec.*, No. 5:12-CV-211-OC-18PRL, 2013 WL 3804846, at *3 (M.D. Fla. July 8, 2013) ("As an initial matter, the Commissioner correctly notes that the Plaintiff did not raise this issue to the ALJ, nor did her attorney object to the VE's testimony identifying Plaintiff's prior work as a housekeeper as past relevant work. Unfortunately for Plaintiff, because she failed to raise this issue to the ALJ or even object to the VE's testimony, the ALJ was not obligated to specifically address the concerns—or rather, arguments—that Plaintiff now raises."); *Whittemore v. Comm'r of Soc. Sec.*, No. 3:09-CV-1242-J-MCR, 2011 WL 722966, at *5 (M.D. Fla. Feb. 23, 2011) (finding that where the plaintiff did not raise the issue to the ALJ as to

9

whether her prior job as a real estate agent qualified as substantial gainful activity and did not object to the VE's "past relevant work summary," which included the job of real estate agent, that the ALJ was not required to specifically discuss his reasons for concluding that the plaintiff's past work as a real estate agent qualified as substantial gainful activity). Thus, without an objection or other reason to doubt his credibility, the VE's expertise provides substantial evidence to support reliance on his testimony. *Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 926 (11th Cir. 2010).

Next, Brock claims the job as she performed it "required climbing, and the ALJ stated in the RFC assessment that the Plaintiff should never climb ladders or scaffolds." (Doc. 19 at 15.) Yet she stops short of claiming her job required her to climb ladders or scaffolds in particular, rather than ramps or stairs which the RFC said she could do occasionally. In fact, Brock admits that the record does not show what kind of climbing she did. (*Id.*) Brock says it was the ALJ's duty to resolve this conflict, essentially making a "failure to develop the record" argument—but she is wrong. *See Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986). Although the ALJ has a basic duty to develop a full and fair record, that does not relieve the claimant of her burden. "[T]he claimant bears the burden of proving that [s]he is disabled, and consequently, [she] is responsible for producing evidence in support of [her] claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The claimant's duty carries

10

the day unless the record does not contain sufficient evidence for the ALJ to make an informed decision. *Mishoe v. Astrue*, No. 5:08-CV-371-OC-GRJ, 2009 WL 2499073, at *7 (M.D. Fla. Aug. 14, 2009). ("The [ALJ's] duty is triggered, for example, when there is an ambiguity in the record or when the record is inadequate to allow for proper evaluation of the evidence."). Here, there was nothing to suggest the ALJ could not rely on the VE's testimony about the job's requirements. Thus, if Brock wanted to present additional evidence, the burden was her own.

In any event, Brock's arguments focus on her alleged inability to perform the specific job she held in the past. But that is not enough. She must prove her "inability to return to the previous *type* of work [s]he was engaged in." *Jackson*, 801 F.2d at 1293-94. She argues this point "from the lay perspective" (Doc. 19 at 16), but that hardly refutes the substantial evidence supplied by the VE. To say otherwise would require the Court to impermissibly reweigh the evidence.

*2. Audit Clerk and Real Estate Clerk*

Brock's arguments as to these jobs are similar and twofold. First, she claims that each job required her to sit or work for longer than the RFC allowed. (Doc. 19 at 17-18.) Thus, she says, the ALJ erred in finding this is past work she could perform. But once again, even accepting Brock's position, she failed to prove that she could not complete that *type* of work as it is performed

11

in the general economy. *Jackson*, 801 F.2d at 1293 ("The regulations require that the claimant not be able to perform his past kind of work, not that he merely be unable to perform a specific job he held in the past."). Thus, the Court sees no error.

Second, Brock seems to argue that she performed these two jobs during a two-year term of employment. Yet this would contravene the vocational and preparation requirements of these jobs which, combined, total more than two years. (Doc. 19 at 13-19.) Thus, she argues, she did not have enough time on the jobs to learn them, a requirement for a job to be considered "past relevant work." *See* 20 C.F.R. § 404.1560(b)(1). The VE suggested otherwise, a conclusion Brock's attorney seemed to accept. (Tr. 55-56.)

Brock's argument fails for several reasons. First, she consistently uses the terms "may have" and "very likely," indicating that she herself is unsure whether she worked at her jobs for long enough. (*See* Doc. 19 at 17-18.) Brock even admits the record is unclear on this point. (*Id.*) That is hardly enough to say substantial evidence does not support the ALJ's reliance on the VE's testimony. Second, a claimant may acquire sufficient familiarity with the job through means other than "on-the-job" training. POMS DI 25001.001 (A)(77).[3] For example, she can gain "essential experience in other jobs" and "education

---

[3] Taken from the Social Security Administration's Program Operation's Manual System, which the ALJ must consider. *See* 20 C.F.R. §§ 404.1601-1603.

12

figures heavily" into the calculation. *Id.* In Brock's case, she earned experience in her four-year degree and in years of real-estate work before she even began her jobs as an audit clerk and real estate clerk. (Tr. 208.) Thus, substantial evidence supports the VE's conclusion (and the ALJ's subsequent reliance) that Brock gained enough experience to consider these jobs "past relevant work."

And finally, Brock fails to show how the ALJ's alleged error on this part would not be harmless. Even if the ALJ wrongly concluded Brock could return to these past jobs, the ALJ provided other jobs available to her, such as real estate agent. Thus, any error about the audit clerk and real estate clerk jobs would seem irrelevant. *See Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875 (11th Cir. 2013) ("When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.").

*3. Composite Job of Real Estate Agent and Property Manager*

Finally, Brock argues the ALJ was wrong that she could return to this composite job as it was actually and generally performed. (Doc. 19 at 19.) Specifically, she claims she could not do the job as it was actually performed because it would require more sitting than the RFC allowed. (*Id.*) And she claims (without citation to legal authority) that the ALJ may not rely on general performance for composite jobs. (*Id.* at 19-20.)

13

These arguments have similar defects to those above. First, Brock did not challenge the VE's reasoning that she could perform this past job. Thus, as noted, her argument is waived. Second, she does not say how such an error would be prejudicial. And last, the Court need not consider conclusory and unsupported arguments. *See Ctr. v. Sec'y, Dep't of Homeland Sec., Customs & Border Prot. Agency*, 895 F.3d 1295, 1299 (11th Cir. 2018) ("[W]e have repeatedly explained that arguments briefed in the most cursory fashion are waived."); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him."). For these reasons, the Court finds no error as to the composite job.

### IV. Conclusion

Considering the record as a whole, substantial evidence supports the ALJ's findings. Accordingly, the Court **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Suzanne Brock and close the file.

**ENTERED** in Fort Myers, Florida this June 5, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

14